Pearson, J.
 

 We concur in the opinion of his Honor, for the reasons given by him. The execution is regular in all respects upon its face. ■ No irregularity in the manner of its issuing, or in the acts of the officer of the court, i. e., the clerk, is suggested.
 

 The only grounds upon which the motion is based, are alleged acts of omission and commission on the part of the sheriff, after the writ had duly come to his hands. ¥e hold that the court had no power to control the action of the sheriff by setting aside the execution. The party had his remedy against him.
 

 The sheriff is not a mere officer of the court, like the clerk, i. e., an instrument in its hands to do its acts* and record its proceedings, but is an independent officer of the law, intrusted
 
 to do acts of his
 
 own, as distinguished from acts of the court. Writs are directed to him, not by the court, but by the sov-reign to whom he is responsible. The principle, therefore, upon which the court has power to set aside its own acts, or the acts of its instrument, does not apply to the acts of the sheriff. The sheriff is an officer of very great antiquity. The name is derived from two Saxon words, meaning
 
 reeve,
 
 or officer of the
 
 shire.
 
 The Earls retain the honor, but the sheriff,
 
 vice
 
 comes, has the labor, of transacting all the King’s business in his county ; 1 Bla. Com. 340. The
 
 shire reeve,
 
 or sheriff, is governor of the county; Bac. Ab. Title,
 
 “
 
 Sheriff.”
 

 The idea that the court may control the action of the sheriff by setting aside a writ, in all respects regular, because of the subsequent acts of the sheriff, is new, and if such a power existed, some precedent could be found of its exercise.
 

 Pee CubiaM, Judgment affirmed.